UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JAMES WILLIAM LOUGHRIDGE, )
                                        )
      Plaintiff, )
                                          )
      v. )    No. 2:05-CV-36-DDN
                                          )
CORRECTIONAL MEDICAL SERVICES, et al., )
                                          )
      Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James William Loughridge (registration no. 360116) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on June 14, 2005. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $16.25, and an average monthly account balance of $.18. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.25, which is 20 percent of applicant's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Correctional Medical Services ("CMS"), Dr. Santiago Hallazgo, and Leann Knights (nurse).[1] Plaintiff alleges that Dr. Hallazgo "performed inadequate medical treatment on the plaintiff herein by not giving [him] the tests that he has been requesting, to see if he had colon cancer." Plaintiff claims that "[t]he only thing that Dr. Santiago Hallazgo kept on telling him [was] that he just had hemorrhoids and that the plaintiff did not need any tests done on him." Plaintiff further alleges that in 2003, after being transferred to the Farmington Correctional Center, "they gave [him] the tests and found out that he did have the polyps that will turn in to cancer if they don't treat it." A surgeon, Dr. Walter Peters, removed the polyps by removing plaintiff's colon, and now "plaintiff has to live on a bag for the rest of his life." In addition, plaintiff alleges that defendant Leann Knights delayed in obtaining medical treatment for plaintiff, and it was not until three days "of this pain and suffering [that] plaintiff finally got sent out to see a doctor in Jefferson City."

Plaintiff's claim against defendant Leann Knights regarding the violation of his Eighth Amendment rights survives review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Leann Knights reply to the complaint.

---

[1]In the caption of the complaint, plaintiff has listed "Correctional Medical Services, et al." as defendants. It is clear from the Statement of Facts that plaintiff intends to sue Dr. Santiago Hallazgo and Leann Knights as defendants in the instant action. As such, the Court will instruct the Clerk of Court to docket this case accordingly. Cf. Miller v. Hedrick, No. 05-1362, slip op. (8th Cir. Aug. 17, 2005).

As this Court stated in <u>Loughridge v. Correctional Medical Services</u>, No. 2:03-CV-70-MLM (E.D.Mo.),[2] to state a claim for medical mistreatment in violation of the Eighth Amendment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. <u>Id</u>. Plaintiff's claims against Dr. Santiago Hallazgo amount to a disagreement with his course of treatment and, although they may be cognizable as a negligence or medical malpractice claim under state law, they are insufficient to sustain a constitutional violation. <u>Smith v. Marcantonio</u>, 910 F.2d 500, 502 (8th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. at 106. For these reasons, the complaint is legally frivolous as to Dr. Santiago Hallazgo.

Last, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff does not set forth any facts indicating that defendant CMS was directly involved in or personally responsible for the violation of his constitutional rights. The respondeat superior theory is inapplicable in § 1983 suits, and thus, the complaint is legally frivolous as to CMS. <u>See</u> <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995).

---

[2]The Court notes that in 2003, plaintiff brought a section 1983 action, asserting identical allegations against Dr. Hallazgo as those set forth in the instant complaint. On December 1, 2003, this Court dismissed the complaint, without prejudice, as legally frivolous. <u>See</u> <u>Loughridge v. Correctional Medical Services</u>, No. 2:03-CV-70-MLM (E.D. Mo.).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.25 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Correctional Medical Services and Dr. Santiago Hallazgo, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Leann Knights, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Leann Knights shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as James W. Loughridge v. Correctional Medical Services, Dr. Santiago Hallazgo, and Leann Knights.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**